UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ROBERT WAYNE VIEAU, #163733**

    Petitioner,

                                    Civil No: 07-CV-10423
                                    Honorable John Corbett O'Meara
                                    Magistrate Judge R. Steven Whalen

v.

**LINDA M. METRISH**,

    Respondent.
_____

**OPINION & ORDER DENYING PETITIONER'S MOTION TO STAY HABEAS CORPUS PROCEEDINGS & SUMMARILY DISMISSING HABEAS PETITION WITHOUT PREJUDICE**

**I. Introduction**

Petitioner through his attorney has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. Petitioner was convicted of one count of first degree premeditated murder and was sentenced to a mandatory life term of imprisonment. At the same time he filed his habeas petition, Petitioner requested that the Court stay his habeas corpus proceedings pending the exhaustion of state court remedies. For the reasons stated below, the Court will deny Petitioner's request for a stay of these proceedings and summarily dismiss the habeas petition without prejudice.

**II. Discussion**

A prisoner confined pursuant to a Michigan conviction must raise each habeas issue in both the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). Therefore, a prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir.

1994). The burden is on the petitioner to prove exhaustion. *Rust v. Zent*, 17 F.3d at 160. Exhaustion requires that a petitioner provide the state courts with the opportunity to correct any constitutional violations by invoking "one full round" of the state's appellate review process. *Levine v. Torvik,* 986 F.2d 1506, 1516 (6th Cir. 1993). Federal habeas law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application, of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. §2254(d). The state courts must first be given a fair opportunity to rule upon Petitioner's habeas claims before he can present those claims to this Court. *Mohn v. Bock,* 208 F.2d 796, 800 (E.D. Mich. 2002); see also *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990). Otherwise, the Court cannot apply the standard found at 28 U.S.C. §2254.

Here, Petitioner states that he failed to exhaust his state court remedies relative to the following issue: whether Petitioner's rights against double jeopardy were denied by the state trial court where the original charge of first-degree murder was submitted on retrial after a reviewing judge on direct appeal found that evidence insufficient to support that charge. Petitioner has filed a post-judgment motion with the trial court regarding this issue; and relief was denied. Petitioner states that the matter is presently before the Michigan Court of Appeals and is pending. As such, Petitioner's claims are not exhausted.

A prisoner who has not yet exhausted his or her state court remedies may file a "'protective' petition in federal court and ask[ ] the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Pace v. DiGuglielmo,* 544 U.S. 409, 416 (2005), citing *Rhines v. Weber,* 544 U.S. 269 (2005). A federal court may stay a federal habeas petition and hold further

proceedings in abeyance pending the resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines v. Weber,* 544 U.S. at 278.

In this case, Petitioner fails to assert any cause for his failure to present the double jeopardy claim in state court, but rather argues that resolution of the issue is pending in the Michigan Court of Appeals. Although, Petitioner is pursuing his rights in this matter, his efforts do not equate with good cause for why the issue was not raised during the state court appellate process directly following the retrial. Thus, following the dictates of *Rhines*, the Court finds that the habeas petition may not be stayed and shall be dismissed without prejudice.

While the "stay-and-abeyance" procedure may not be applied to Petitioner's case because he fails to satisfy the *Rhines* test, the Court may nevertheless provide safeguards so as not to "jeopardize the timeliness of a collateral attack." See *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir.2002), quoting *Zarvela v. Artuz*, 254 F.3d 374, 380 (2d Cir.2001). The Court shall adopt the safeguards approved by the Sixth Circuit in *Hargrove v. Brigano*, 300 F.3d 717, 719-21 (6th Cir.2002). Therefore, the Court shall dismiss the petition without prejudice and the one-year limitations period shall be tolled from the date Petitioner filed his petition, January 26, 2007, until Petitioner returns to federal court. This tolling of the limitations period is conditioned upon Petitioner continuing his pursuit of state remedies in this matter and returning to federal court within **sixty (60) days** of exhausting those state remedies. See *Hargrove v. Brigano*, 300 F.3d at 718, 721.

**III. Conclusion**

Petitioner's double jeopardy claim remains pending before the Michigan Court of Appeals, but he has failed to demonstrate to the Court that he had good cause for not bringing the claim before the state courts upon initial appellate review directly following the re-trial.

Accordingly,

IT IS HEREBY ORDERED that Petitioner's "Motion to Stay Habeas Corpus Proceedings" **[Doc. #2-1, filed January 26, 2007]** is **DENIED.**

IT IS FURTHER ORDERED that Petitioners "Petition for Writ of Habeas Corpus" **[Doc. #1-1, filed January 26, 2007]** is **DENIED** and this matter is **DISMISSED WITHOUT PREJUDICE.**

IT IS FURTHER ORDERED that the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1) shall be tolled from January 26, 2007, until the time Petitioner returns to federal court to pursue habeas relief, provided that: (i) Petitioner presents his unexhausted claim(s) to the state court within **sixty (60) days** from the date of this Order and (ii) Petitioner returns to this Court to pursue habeas corpus relief within **sixty (60) days** of exhausting state court remedies.

    s/John Corbett O'Meara
    United States District Judge

Dated: September 13, 2007

4

I hereby certify that a copy of the foregoing document was served upon Laura Sutton on this date, September 13, 2007, by electronic mail.

                                                  <u>s/William Barkholz</u>
                                                  Case Manager